# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TIMOTHY FULKS**                                                                                           **PETITIONER**

**V.**                                                                                                    **No. 1:08CV054-M-D**

**RONALD KING, et al.**                                                                                     **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Timothy Fulks, inmate number 75545, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondents have filed their answer. Despite having been granted additional time, the Petitioner has not filed a traverse. After due consideration, the court finds that the petition should be denied in all respects.

*A. Factual and Procedural Background*

In 2002, Timothy Fulks purchased crack cocaine from Roosevelt Pernell, a confidential informant for the Mississippi Bureau of Narcotics. Pernell testified against Fulks at the first trial which resulted in a mistrial due to a hung jury. Pernell, however, was cross-examined by Fulks' attorney. Prior to the second trial, Pernell died. During the second trial, Pernell's testimony from the first trial was read into the record. Fulks was found guilty of the transfer of a controlled substance in violation of Miss. Code. Ann. § 41-29-139[1], in the Circuit Court of Clay County, Mississippi. He was sentenced as an habitual offender pursuant to Miss. Code Ann. § 99-19-83[2] and

---

[1] The statute makes it unlawful to knowingly or intentionally sell a controlled substance. The statute prescribes sentencing for such a violation. In Fulks case, the penalty was imprisonment for not more than thirty years and a fine not less than five thousand dollars. Miss. Code Ann. § 41-29-139.

[2] The habitual offender statute provides:
   Every person convicted in this state of a felony who shall have been
   convicted twice previously of any felony or federal crime upon charges

and as a subsequent offender under Miss. Code Ann. § 41-29-147 [3] to a sixty year term of imprisonment.

Fulks pursued an appeal. On May 2, 2006, the Mississippi Court of appeals affirmed the conviction and sentence. *See Fulks v. State*, 944 So.2d 79 (Miss. App. 2006). Fulks then filed a motion for leave to proceed with Post-Conviction Relief ("PCR") in the Mississippi Supreme Court which was denied on March 5, 2008. Fulks filed this matter on March 19, 2008[4], setting forth nine grounds for relief.

| | |
|---|---|
| Ground One | Petitioner was denied an evidentiary hearing on the ineffective assistance of counsel claim. |
| Ground Two | Ineffective assistance of counsel where counsel failed to object to evidence needed to convict. |
| Ground Three | Ineffective assistance of counsel based on counsel's failure to object to expert testimony. |
| Ground Four | Ineffective assistance of counsel where counsel failed to secure an instruction supporting the defense theory. |
| Ground Five | Ineffective assistance of trial and appellate counsel for failure |

---

separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of once (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

[3] The second or subsequent offense statute provides in part, "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized." Miss. Code Ann.§ 41-29-147.

[4] The petition was signed on this date and presumably delivered to prison officials for mailing. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (mailbox rule is applicable to pro se prisoners). The petition was received by the court on March 21, 2008. There is no challenge to the timeliness of the petition.

|  |  |
|---|---|
|  | to secure a jury instruction regarding his decision not to testify. |
| Ground Six | Ineffective assistance of counsel for failure to challenge the enhanced sentence which was not included in the indictment. |
| Ground Seven | Ineffective assistance of counsel for failure to object to trial court's ignorance of sentencing discretion. |
| Ground Eight | Ineffective assistance of counsel for failure to object to prior conviction. |
| Ground Nine | Ineffective assistance of counsel for failing to secure his right to a jury determining sentence. |

*B. Limitations on Review*

Consideration of a federal petition for habeas corpus is a two-tiered procedure. Before considering the merits of any claim the court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed. Secondly, each claim in the petition must have been exhausted. 28 U.S.C. § 2254(b)(1). A claim is deemed exhausted if it has been presented to the highest court in the state, here the Mississippi Supreme Court, either on direct appeal or by post-conviction proceedings. If the claim is exhausted the court generally proceeds to the merits. If the claim is not exhausted and state post-conviction relief is no longer available, the claim will be finally dismissed. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

Petitioners must also meet state procedural requirements in the state court proceedings. If the state court, pursuant to its regularly enforced rules and procedures, refuses to consider an issue on the merits because of a procedural violation, the federal courts will almost never consider the procedurally defaulted claim. *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). To avoid the

3

bar of a procedural default, the petitioner must show "cause and prejudice" or a that "fundamental miscarriage of justice" will result if the court refuses to entertain the petition. *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998). If all the procedures have been followed in state court, the federal courts will then address issues affecting substantial federal constitutional rights.

## Standard for Meritorious Review

The federal courts do not function as super appellate courts over the states and hold no supervisory authority over those courts. The federal courts may not correct errors of state law unless they also violate the constitutional rights of an accused. *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 948, 71 L. Ed. 2d 78 (1981); *Engle v. Isaac*, 456 U.S. 107, 121, n.21, 102 S. Ct. 1558, n.21, 71 L. Ed. 2d 783 (1982).

Even in matters affecting fundamental constitutional rights the federal courts have a very limited scope of review. Title 28 U.S.C. § 2254(d) provides:

> (D) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The federal courts may not disturb the legal holdings of the state courts even if convinced they are erroneous. The federal courts may intervene only if the application of federal law is also objectively unreasonable. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The statute presumes each factual finding by the state court is correct. These findings can be disturbed only if the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. §

2254(e)(1).

## *C. Discussion*

### Ground One: Denial of an Evidentiary Hearing

In Ground One, Fulks argues that the state court erred because he was not afforded an evidentiary hearing regarding his claims of ineffective assistance of counsel. The Respondents note that a defendant who stands convicted of a crime is not entitled to an evidentiary hearing. Rather, the court has discretion to determine whether or not a hearing is warranted under the facts of each case.

A reviewing federal court is limited to correcting errors of constitutional proportions. *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994) *cert. denied*, 513 U.S. 1163 (1995)). Generally, the failure of a state court to conduct an evidentiary hearing will not support the grant of federal habeas relief. *Ellis v. Lynaugh*, 873 F.2d 830, 840 (5th Cir. 1989). The decision whether or not to grant an evidentiary hearing in state post-conviction review is a matter of state law and does not raise any federal habeas issue. *See* Miss. Code Ann. § 99-39-27. Federal courts hold no supervisory power over the state courts nor do they function as super appellate courts. Here, Fulks neither asserts nor demonstrates that the failure of the state court to hold an evidentiary hearing violated any specific constitutional right. In absence of a constitutional violation, the court must defer to the rulings of the state courts. Ground One has no merit.

### Ineffective Assistance of Counsel

Petitioner's remaining claims all challenge the effectiveness of his trial and appellate counsel. When a defendant collaterally attacks his conviction or sentence based on the effectiveness of his

5

counsel, he has the burden of proving by a preponderance of the evidence that his constitutional rights have been violated. *Johnson v. Zerbst*, 304 U.S. 458, 469, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976). In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

A petitioner must satisfy *both* prongs of the *Strickland* test to succeed. *Id.* at 687. The review is highly deferential towards the counselor's performance. There is a strong presumption that counsel exercised reasonable and professional judgment. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009). Conclusory allegations of ineffective assistance are insufficient to warrant habeas relief. *Collier v. Cockrell*, 300 F.3d 577, 687 (5th Cir. 2002). Furthermore, an error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 691.

**Ground Two: Counsel Failed to Object to Evidence Needed to Convict**

Essentially, Fulks argues that trial counsel failed to object to the testimony of Roosevelt Pernell via transcript. Pernell, who testified at Fulks first trial, passed away prior to the second trial which resulted in the conviction that forms the basis of this habeas petition. He specifically claims that the transcript was not entered into evidence, nor was it properly authenticated and that the state failed to prove Pernell was unavailable.

6

Foremost, a reviewing federal court is limited to correcting errors of constitutional proportions. Generally, state evidentiary rulings do not support the grant of federal habeas relief. *Brown v. Bretke*, 419 F.3d 365, 376 (5th Cir. 2005). A federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling also violates a specific constitutional right or renders the petitioner's trial "fundamentally unfair." *Gochicoa v. Johnson*, 118 F.3d 440, 446 (5th Cir. 1997) (citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994) *cert. denied*, 513 U.S. 1163 (1995)). State court evidentiary rulings typically do not provide the basis for a federal habeas claim unless the ruling is "so extreme that it constituted a denial of fundamental fairness under the due process clause." *Brown*, 419 F.3d at 376.

None of the alleged errors involve constitutional issues. The claims are limited to issues of the application of state law. Further, the record reflects that the parties stipulated to facts regarding the authenticity of the Pernell transcript. As for the unavailability of Pernell, the state called Shane Lamkin of the Tri-County Narcotics Task Force who witnessed the pronouncement of Pernell's death and identified the death certificate. There is no validity to Fulks' arguments regarding the authenticity of the Pernell transcript or his unavailability.

Fulks, however, does correctly note that the Pernell transcript was not entered into evidence. Portions of the transcript, offered by both the state and the defense, were read to the jury. Although no basis for federal habeas relief, the transcript was marked for identification but not entered into evidence. Respondents suggest that the transcript was not placed in evidence as a matter of sound trial strategy. That is, if the transcript had been entered into evidence, the jury would have been able to review the transcript during deliberations thus allowing more emphasis to be placed on Pernell's testimony as compared to other witnesses.

The court agrees that the decision not to place the transcript in evidence is a matter of trial strategy. Additionally, even if the evidentiary issue was transformed into a constitutional violation, Fulks has failed to show how the absence of the Pernell transcript from the jury room prejudiced his defense. Accordingly, Ground Two is denied in its entirety.

**Ground Three: Counsel Failed to Object to Expert Testimony**

Fulks argues that both trial and appellate counsel rendered ineffective assistance by failing to challenge the expert testimony of Alisha Waldrop of the Tupelo Crime Lab. Waldrop testified that the substance Fulks sold to Pernell was cocaine. Fulks complains that the State failed to prove her methodologies were reliable.

The record reflects that Waldrup was educated and trained in the field of forensic science. She has tested thousands of samples for the presence of illegal drugs including cocaine. Further, Waldrup has been certified as an expert in the field of forensic science, specializing in drug analysis, approximately forty-five times. Defense counsel questioned Waldrup regarding her education and experience. Ultimately, the trial judge accepted Waldrup as an expert and she was allowed to testify regarding the substance Fulks sold to Pernell. Waldrup specifically identified the methods used for testing the substance and stated that theses methods had been accepted as reliable throughout the scientific community. S.C.R., Vol. 4, pp.154-57.

Given Waldrup's education and extensive experience, there was little opportunity to challenge her qualifications as an expert. Attorneys are not required to file meritless motions and lodge unfounded objections. *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007). Since an objection during trial was not warranted, there, likewise, was no basis for such an argument on appeal. Neither trial nor appellate counsel performed deficiently with regard to the expert testimony.

**Ground Four: Counsel Failed to Secure an Instruction supporting the Defense Theory**

Essentially, Fulks argues that the defense's theory was to attack the credibility of Pernell by insinuating that Pernell had motive to lie. Testimony specific to this issue was elicited from Agent Lamkin during trial. Lamkin stated that Pernell was facing criminal charges when he agreed to become a confidential informant. In exchange for his cooperation, Pernell hoped that he would receive leniency on his charges. Lamkin explained that confidential informants including Pernell sometimes received money to cover expenses they incurred. Lamkin testified that Pernell had been paid fifty to one-hundred dollars per case for his services. The questioning and testimony implied that Pernell had motive to lie and generally attacked his credibility.

At the close of evidence, the trial court instructed the jury that they were the sole judges of the facts and the credibility of witnesses. The trial court also cautioned the jury against giving more or less weight to Pernell's testimony based solely on his absence from the courtroom.

In support of his argument, Fulks cites Mississippi case law discussing cautionary instructions for circumstances involving "jailhouse snitches" or accomplices. *See Hill v. State*, 865 So.2d 371, 378 (Miss. App. 2003). The rational is that a cautionary instruction should be given because of the potential for unreliable or self-serving testimony from a witness who is facing criminal charges and may be attempting to better his position with authorities. *Id.* at 378.

Interestingly, the *Hill* court discussed the difference between a snitch and an informant, such as Pernell. *Id* at. 379. The court noted that the defense ably cross-examined the informant exposing the potential motive for self-preservation. *Id.* That is, the informant was cooperating with authorities following his own arrest for drug offenses in the hope that he might receive a more lenient sentence. *Id.* The *Hill* court ultimately held that the jury was presented with all of this

information and it was the jury's duty to judge the credibility of the witnesses. *Id.* Since the trial court had informed the jury of its duty, the absence of a cautionary instruction was not error. *Id.*

Generally, challenges to jury instructions may not form the basis for federal habeas relief. *Gilmore v. Taylor*, 508 U.S. 333, 342-43, 113 S. Ct. 2112, 2118-19, 124 L. Ed. 2d 306 (1983). A federal court may grant habeas relief only when the state court's jury instruction "by itself so infected the entire trial that the resulting conviction violates due process," *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368 (1973). Like *Hill*, the absence of a cautionary instruction was not error. It would have certainly been prudent for counsel to request such an instruction. However, the trial was not rendered constitutionally infirm by the omission of a cautionary instruction arising out of state law. Furthermore, Fulks has not and cannot show that but for the possible oversight the result of the trial would have been different. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. For these reasons, Ground Four does not support an award of habeas relief.

### Ground Five: Counsel Failed to Secure a
### Jury Instruction regarding Fulks' Decision not to Testify

Fulks next argues that trial counsel rendered ineffective assistance by failing to request a "no-adverse-inference" jury instruction. Fulks further argues that appellate counsel was similarly deficient for not setting forth this claim on appeal.

When a defendant invokes the Fifth Amendment right not to testify, there is a risk that the jury will assign culpability to him by assuming merely from his silence that he has something to hide. *Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008). Upon the request of a defendant, a trial court

must instruct jurors that they may not draw any adverse inference from a defendant's failure to testify at any phase of the trial. *Carter v. Kentucky*, 450 U.S. 288, 101 S. Ct. 1112, 67 L. Ed. 2d 241 (1981). Implicit in these rules of law is that defense counsel has the discretion to seek a no-adverse-inference instruction. *See United States v. Flores*, 63 F.3d 1342, 1376 (5th Cir. 1995) (citing *United States v. Gomez-Olivas*, 897 F.2d 500, 501-02 (10th Cir. 1990) (because the court is only required to give a no-adverse-inference instruction when requested, failure to give an unrequested instruction that defendant could not be compelled to testify was also not error)).

Even if requested, the failure to give the instruction is subject to a harmless error analysis. *Beathard v. Johnson*, 177 F.3d 340, 350 (5th Cir. 1999). For a constitutional error to be harmless, the court must be able to declare a belief that the error was harmless beyond a reasonable doubt. *Richardson v. Lucas*, 741 F.2d 753, 755 (5th Cir. 1984) (citations omitted). For the error to be harmless beyond a reasonable doubt, a court must decided whether, absent the unconstitutional effect, the evidence remains not only sufficient to support the verdict but so overwhelming as to establish the guilt of the accused beyond a reasonable doubt. *Id.*

Here, the jury was essentially afforded an eye witness's point of view by watching a video tape of Fulks selling crack cocaine to Pernell–the very transaction which formed the basis of the criminal charge. The jury also had testimony from Pernell who was the confidential informant. This was bolstered by testimony of the officers and an expert witness from the crime lab. The evidence was sufficient to support Fulks' conviction and was so overwhelming as to establish guilt beyond a reasonable doubt. There is no reasonable possibility that giving a no-adverse-inference instruction would have affected the guilty verdict. The court, therefore, finds that the failure to give the instruction was harmless and counsel's failure to request the instruction did not prejudice Fulks. As

11

an extension, appellate counsel was not ineffective for failing to raise the issue on appeal.

### Ground Six: Counsel Failed to Challenge the Enhanced Sentence

Fulks complains that his trial counsel was ineffective for failing to challenge the imposition of the sentence enhancement when it was not included in the original indictment. Respondents concede that the indictment was amended prior to trial. Almost one-year prior to the trial, the court held a hearing on the State's motion to amend the indictment to include an habitual offender enhancement under Miss. Code Ann. § 99-19-81 and subsequent drug offender under Miss. Code Ann. § 41-29-147. By written order, the motion was granted and the language to be included in the amended indictment was plainly stated in the order.

It is not ineffective assistance of counsel to fail to make objections which lack merit. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990). Mississippi procedural law allows an amendment to the indictment to include an habitual offender enhancement. *See* Rule 7.09, Miss. Unif. Cir. & Cty. Rules. Additionally, whether or not an indictment is to be amended is a matter of state law. *See Alexander v. Louisiana*, 405 U.S. 625, 633, 92 S. Ct. 1221, 31 L. Ed. 2d 536 (1972). It is beyond the scope of federal habeas review to determine the correctness of the state court's interpretation of state law. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004). Nevertheless, the amended indictment and the post-conviction court's affirmation of that decision, was not contrary to federal law.

### Ground Seven: Counsel Failed to Object to Sentencing Discretion

In Ground Seven, Fulks contends that trial counsel was ineffective for failing to object to trial court's ignorance of its sentencing discretion. Presumably, Fulks is referring to his recollection of a statement made by the judge that he, the judge, had no discretion in sentencing under the

enhancement statutes.[5]

The trial judge did, in fact, state that there was only one available sentence for an habitual offender. S.C.R., Vol. 4, pp. 231, 233, 236. This is a true statement so far as the enhancement is required under the habitual offender statute, § 99-19-81. The subsequent offender statute, § 41-29-139, does bestow discretion to allow the judge to determine if the sentence should be doubled. There is no indication that the trial judge did not understand the interaction of the two statutes or their respective effect upon Fulks' sentence. To the contrary, the judge noted that Fulks' substantive violation, the drug charge, carried maximum sentence of thirty years which can be doubled for subsequent convictions to sixty years. S.C.R., Vol. 4, p. 236. The judge simply exercised his discretion and doubled Fulks' sentence under § 41-29-139.

An objection by trial counsel was not necessary. Nor was there any indication that the judge would have been influenced by such objection. Given Fulks' disruptive outburst in the courtroom, it is more likely that any objection would not have been well received. *See* S.C.R., Vol. 4, pp. 227-31. Counsel was, therefore, not deficient in failing to object.[6]

---

[5] Miss. Code Ann. § 99-19-81 provides in part, "[e]very person convicted in the state of a felony who shall have been convicted twice previously of any felony or federal crime . . . and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, . . . shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended."

Miss. Code Ann. § 41-29-147 provides in part, "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized."

[6] Fulks also includes an argument that the trial judge failed to consider his life expectancy in sentencing. Under Mississippi law, the sentencing court is not required to consider the defendant's life expectancy. *Cannon v. State*, 919 So.2d 913, 916-17 (Miss. 2005). Additionally, his argument does not implicate any federal or constitutional concern.

**Ground Eight: Counsel Failed to Object to the Introduction of a Prior Conviction**

Fulks next faults his attorney's failure to object to the use of a previous cocaine conviction which was used to enhance his sentence under both the habitual offender and subsequent offender statutes. In support of his position, Fulks relies upon *United States v. Washington*, 44 F.3d 1271 (5th Cir. 1995) which held that the federal sentencing guidelines bar double enhancement.

Respondents correctly note that there is no similar state law that prohibits using the same prior conviction to apply enhancements under both § 41-29-147 and § 99-19-81. Thus, counsel cannot be considered deficient or ineffective for failing to raise this argument. Furthermore, these are issues involving state law which are not appropriate for federal habeas review.

**Ground Nine: Counsel Failed to Secure his Right to a Sentence determined by a Jury**

Finally, in Ground Nine Fulks takes issue with counsel's failure to preserve his right to have his sentence determined by a jury. Specifically, Fulks suggests that the jury should have been allowed to determine if he was the individual who was previously convicted.

The United States Supreme Court held in *Apprendi*, that any fact, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to the jury and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). The implication of Fulks' argument is that he was not the person who was previously convicted. Such an argument is nothing more than a challenge to the prior conviction. *Apprendi* expressly excludes that determination from the jury's consideration. Simply put, Fulks had no right to have the fact of a prior conviction determined by a jury.

As a result, trial and appellate counsel had no basis to request that the jury pass upon whether Fulks had been previously convicted. The Mississippi State Supreme Court's determination that counsel was not ineffective is not contrary to or an unreasonable application of federal law.

*D. Conclusion*

The Grounds asserted by the Petitioner, neither singularly nor collectively, rise to a level worthy of habeas relief. From a review of the record, it appears that the Petitioner with the assistance of capable counsel was afforded a fair trial and direct appeal. The state court's denial of Fulks' claims was reasonable. Therefore, the Petitioner's claims have no merit and the petition shall be denied in all respects.

A final judgement shall issue in accordance with this opinion.

This the 6th day of July, 2010.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**